IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHNNY RAY JOHNSON, #483120,** § | | |
| Plaintiff, § | | |
| § | | |
| **v.** § | | 3:09-CV-1446-K |
| § | | |
| **SHERIFF LUPE VALDEZ, et al.,** § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge for pretrial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Beto I Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas.

Defendants are Sheriff Lupe Valdez, District Attorneys John Vance, Hugh Lucas, and Jane Little, and Deputy Sheriff Watson. The court did not issue process in this case, pending preliminary screening. On August 24, 2009, the court issued a questionnaire to Plaintiff, who filed his answers thereto on September 10, 2009.[1]

---

[1] Plaintiff initially filed this action in the U.S. District Court for the Southern District of Texas, Houston Division, which in turn transferred it to this court.

Statement of Case: In April 1988, a Dallas county jury found Petitioner guilty of burglary of a habitation in cause number F88-92579, and sentenced him to life imprisonment. Plaintiff is presently incarcerated on the basis of the above sentence.

The complaint, as supplemented by the answers to the magistrate judge's questionnaire, seeks to allege civil rights claims stemming from events that transpired during Plaintiff's November 11, 1987 arrest for burglary of a habitation, and during his April 1988 jury trial in cause number F88-92579. Plaintiff explains that he learned of the events at issue on or about September 13, 2008, when he began reading his trial transcript. He requests a sentence reduction or a new trial, and $900,000 in monetary damages.

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974

(2007).

The court liberally construes Plaintiff's complaint with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint lacks an arguable basis in law and should be dismissed as frivolous.

Plaintiff requests a reduction in his sentence to time served, or a new trial. Either claim is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 1245 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoted cases omitted); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S. Ct. 1827, 1835-37 (1973); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a habeas corpus petition permits a petitioner to seek immediate or earlier release from custody, whereas a § 1983 complaint provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures).[2]

Plaintiff's request for monetary relief fares no better. Any claims against Sheriff Valdez and Deputy Watson are time barred. According to Plaintiff, Valdez (or presumably her predecessor) failed to oversee Sheriff's Department employees during Plaintiff's jury trial in

---

[2] Plaintiff is well familiar with the habeas corpus remedy, having previously sought habeas relief in both state and federal court. *See Johnson v. Johnson*, 3:01cv483-H (N.D. Tex. 2001) (dismissing habeas petition challenging 1998 conviction as time barred), *certificate of appealability denied,* No. 01-10950 (5th Cir. 2001); *Johnson v. Dretke*, 3:02cv1557-P (N.D. Tex. 2004) (transferring successive habeas petition challenging 1998 conviction to the Fifth Circuit Court of Appeals); *In re Johnson*, No. 04-10634 (5th Cir. 2004) (denying leave to file successive habeas petition).

April 1988, and Defendant Watson improperly assisted in arresting Plaintiff on November 11, 1987. (*See* Answer to Questions 4 and 8). More than two years have elapsed since the events giving rise to the above claims occurred. *See Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (§ 1983 actions in Texas are governed by the two-year personal injury limitations period; court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2009).

The fact that Plaintiff only recently read about some these events in his trial transcript does not magically change the accrual date of his claims. *See Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) ("Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). Plaintiff has been aware of his underlying criminal conviction since his 1988 trial. Nor does his imprisonment act to toll the statute of limitations under Texas law. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Any claims for monetary damages against District Attorneys Vance, Lucas and Little are barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S. Ct. 502 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997). Clearly the district attorneys' conduct in presenting evidence during the guilt/innocence phase or the punishment phase of Plaintiff's trial was done in his/her role as prosecutor while presenting the State's case.

Alternatively, any claim for monetary damages against the Assistant District Attorneys is

barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). A ruling in Plaintiff's favor on the various claims pled against the prosecutors would necessarily imply the invalidity of his underlying criminal conviction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims for a reduction in his sentence or a new trial -- construed as a request for habeas corpus relief -- be DISMISSED without prejudice, and that Plaintiff's claims for monetary relief against the individual Defendants be DISMISSED with prejudice as frivolous, and for seeking monetary relief against Defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) and 1915A(b).

Signed this 19th day of November, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.